UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 15CV4006

LARRY McNAIR

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

URGI-CARE AFRICAN AMERICAN DR. JOHN DOE
URGI-CARE INDIAN DR. JOHN DOE
CORIZON MEDICAL DR. PROVOLONE; DR. GRACE DAWN
DR. RODGEBERRY MENTAL HEALTH DR. GARRITY;
MENTAL HEALTH DR. BOYD;   MENTAL HEALTH DIR.
DR. PELLON; MENTAL HEALTH DR. SIMPSON;
MENTAL HEALTH CLINICIAN DAWN JIHAN;
C.O. RITTENHOUSE; C.O. CODY, C.O. SHAKOOR#11304;
CAPTAIN SIANT-FLEUR;CAPTAIN UHITAKER;
CAPTAIN DAVILA; WARDEN TONY DURANTE; DEPUTY WARDEN
SECURITY DUMBER; C.O. BURKE;O.D. STEFFERSON;
NYS PAROLE CLINIC ENTREA EVANS; PAROLE COMM. WILLIAN GRIEVANCE LADY MS. LANDON;
WILLIAN PRATTO; DET. KELLEY WHELLER

_(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)_

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☐ Yes   ☐ No

_(check one)_

RECEIVED
SDNY PRO SE OFFICE
2015 MAY 13  A 9:

## I.     Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff      Name  LARRY McNAIR
              ID #  349-150-2005
              Current Institution   NORTH INFIRMARY COMMAND (NIC)
              Address   1500 HAZEN STREET, E.I.C.
                        EAST ELMHURST, N.Y. 11370

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

ml   DEFENDANTS PAGE PAGE 2

DEFENDANT NO. 6          NAME   CORIZON MENTAL HEALTH DR. GARRITY

                        WHERE CURRENTLY EMPLOYED CORIZON MENTAL HEALTH
                                          CLINIC
                        ADDRESS    18-18 HAZEN ST, A.M.K.C. HART"S ISLAND
                                   EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 7          NAME   CORIZO MENTAL HEALTH DR. BOYD

                        WHERE CURRENTLY EMPLOYED CORIZON MENTAL HEALTH
                        ADDRESS    18-18 HAZEN ST, A.M.K.C. HART"S ISLAND
                                   EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 8.         NAME CORIZON MENTAL HEALTH DIR. DR. PELLOWE
                        WHERE CURRENTLY EMPLOYED CORIZON MENTAL HEALTH
                        ADDRESS    18-18  HAZEN ST, A.M.K.C. HART"S ISLAND
                                   EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 9          NAME CORIZON MENTAL HEALTH SUPVR. DR. SIMPSON
                        WHERE CURRENTLY EMPLOYED CORIZON MENTAL HEALTH
                        ADRESS 18-18 HAZEN ST, A.M.K.C. HART"S ISLAND
                                   EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 10          NAME ALL CORIZON MENTAL HEALTH CLINICIANS JANE/JOHN
                          DOES
                        WHERE CURRENTLY EMPLOYED CORIZON MENTAL HEALTH
                        ADDRESS   18-18 HAZEN ST, A.M.K.C. HART"S ISLAND
                                  EAST ELMHURST, N.Y. 11370 DORM 4 UPPER

DEFENDANT NO. 11          NAME   C.O. RITTENHOUSE
                        WHERE CURRENTLY EMPLOYED A.M.K.C. INTAKE AREA
                        ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                  EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 12          NAME C.O. CODY
                        WHERE CURRENTLY EMPLOYED A.M.K.C. INTAKE AREA
                        ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                  EAST ELMHURST, N.Y.  11370

DEFENDANT NO. 13          NAME C.O. SHAKOOR #11304
                        WHERE CURRENTLY EMPLOYED A.M.K.C. ESCORT OFFICER
                        ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                  EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 14          NAME CAPTAIN SAINT-FLEUR
                        WHERE CURRENTLY EMPLOYED A.M.K.C. DORM 4 UPPER
                                          HOUSING AREA

                        ADDRESS 18-18 HAZEN ST, A.M.K.C.
                                  EAST ELMHURST, N.Y. 11370

DEFENDANT NO. 15          NAME CAPTAIN WHITAKER

                        WHERE CURRENTLY EMPLOYED A.M.K.C.

Defendant No. 1   Name URGI-CARE AFRICAN DR. JOHN DOE   Shield #_____

Where Currently Employed   WEST FACILITY URGI-CARE

Address   16-06 HAZEN STREET

EAST ELMHURST, N.Y. 11370

Defendant No. 2   Name URGI-care indian DR. JOHN DOE   Shield #_____

Where Currently Employed   WEST FACILITY- URGI-CARE

Address   16-06 HAZEN STREET

EAST ELMHURST, N.Y. 11370

Defendant No. 3   Name CORIZON MEDICAL DR. PROVOLONE   Shield #_____

Where Currently Employed   A.M.K.C. MENTAL HEALTH CLINIC

Address   18-18 HAZEN STREET, HART"S ISLAND

EAST ELMHURST, N.Y. 11370

Defendant No. 4   Name DR. GRACEDANDY   Shield #_____

Where Currently Employed   A.M.K.C. CORIZON MENTAL HEALTH CLINI

Address   18-18 HAZEN ST, HART"S ISLAND CLINIC

EAST ELMHURST, N.Y. 11370

Defendant No. 5   Name DR. RIDGEWOOD   Shield #_____

Where Currently Employed A.M.K.C. CORIZON MENTAL HEALTH CLINIC

Address   18-18 HAZEN ST, HART"S ISLAND CLINIC

EAST ELMHURST, N.Y. 11370

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include such further details as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _____

_____

B.   Where in the institution did the events giving rise to your claim(s) occur? _____

_____

_____

C.   What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

*Rev. 05/2007*         2

:FENDANT NO. 15 CONT-d.                  DORM 4 UPPER HOUSING AREA 3:00p.m. TO 11:00 p.m.
                                         ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 16                         NAME CAPTAIN DAVILA
                                         WHERE CURRENTLY EMPLOYED DORM 4 UPPER HOUSING
                                                          AREA 3:00 p.m. TO 11:P.M
                                         ADDRESS 18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 17                         NAME WARDEN TONY DURANTE
                                         WHERE CURRENTLY EMPLOYED A.M.K.C.
                                         ADDRESS 18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 18                         NAME NYCDOCS COMM. JOSEPH PONTE
                                         WHERE CURRENTLY EMPLOYED COMMISSIONER"S OFFICE
                                         ADDRESS 75-20 ASTORIA BLVD.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 19                         NAME DEPUTY WARDEN SECURITY DUNBAR
                                         WHERE CURRENTLY EMPLOYED A.M.K.C.
                                         ADDRESS 18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 20                         NAME C.O. BURKE
                                         WHERE CURRENTLY EMPLOYED A.M.K.C. MAILROOM
                                         ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 21                         NAME C.O. JEFFERSON
                                         WHERE CURRENTLY EMPLOYED GRIEVANCE OFFICE A.M.K.C
                                         ADDRESS  18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 22                         NAME CIVILIAN LANDON
                                         WHERE CURRENTLY EMPLOYED A.M.K.C. GRIEVANCE
                                         ADDRESS 18-18 HAZEN ST, A.M.K.C.
                                                  EAST ELMHURST, N.Y. 11370


DEFENDANT NO. 23                          NAME ANDREA EVANS
                                         WHERE CURRENTLY EMPLOYED NYS DIVISION OF PAROLE
                                         ADDRESS 97 CENTRAL AVENUE
                                                  ALBANY, N.Y. 12206


DEFENDANT NO. 24                          NAME WILLIAM BRATTON,COMM
                                         WHERE CURRENTLY EMPLOYED POLICE HEADQUARTERS
                                         ADDRESS ONE POLICE PLAZA
                                                  NEW YORK, N.Y. 10007


DEFENDANT NO. 25                          NAME KELLY WHEELER, DETECTIVE
                                         WHERE CURRENTLY EMPLOYED 6TH PRECINCT
                                         ADDRESS  233 WEST 10th STREET
                                                  NEW YORK, N.Y. 10036

IV.     Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

on febuary 19, 2015, WHILE BEING PROCESSED THROUGH THE INTAKE AREA I WAS UNLAWFULLY STRIP SEARCHED (MISDEMEANOR) BY DERFENDANT HEAVY SET RUSSIAN C.O. JOHN DOE, WHOM ALSO SODOMIZED, AND SEXUAALY ASSAULTED ME BY INSERTING HIS UNGLOVED FINGERS IN MY RECTUM CLAIMING HE HAD SEEN CONTRABAND VIA X-RAY MACHINE IN SEARCH AREA. NO CONTRA BAND WAS EVER FOUND, NOR WAS I INFRACTED WITH A MISBEHAVIOR REPORT. APPROXIMATELY THREE (3) AND A HALF WEEKS LATER, I DEVELOPED AN ABCESS AS THE EXACT RESULT OF DEFENDANT HEAVYSET RUSSIAN A.M.K.C. INTAKE C.O. JOHN DOE SODOMIZING ME; PLAINTIFF WITH HIS BARE UNGLOVED FINGERS ; C.O. RITTEN HOUS AND C.O. CODY WERE ALSO INVOLVED. I WAS TAKEN TO URGI-CARE AFTER REFUSING TO GO TO COURT, AND THE MEDICAL DOCTOR IN THE A.M.K.C. CLINIC ON HART"S ISLAND TOOK ONE LOOK AT THE ENORMOUS ABCESS, AND DID IN FACT FIND ME UNFIT FOR COURT, WHICH IS THE ROUTE I HAD TO TAKE, AT THE A.M.K.C. JAIL JUST TO RECEIVE MEDICAL ATTENTION. DURING THAT ENTIRE

IV.A        If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

STATEMENT OF CLAIM PAGE (2)

WEEK LEADING UP TO APRIL 3, 2015, MY EFFORTS TO GET MEDICAL ATTENTION VIA
COMPLAINTS TO PRISONER'S RIGHTS PROJECT LAWYERS MR DALE WILKER; MS AGNES BAIK;
MR. MILTON SATOMAYER; AND MS SARAH KERR; DEFENDANT A.M.K.C. DORM 4 UPPER
CAPTAIN SAINT FLEUR CONTINUALLY REFUSED TO HAVE ME ESWORTED TO THE CLINIC
WHILE A ABCESS WAS GROWING IN MY LOWER RIGHT BUTT CHEEK (GLUTE) STATING THAT
" I REALLY DO NOT CARE WHAT IS WRONG WITH YOU. HER ACTS OF UNPROFESSIONAL
AGRESSION WAS DELIBERATE TO A SERIOUS MEDICAL NEED OF PLAINTIFF AT ALL TIMES.
 WHICH AMOUNTS TO MORE THAN CRUEL, AND UNUSUAL PUNISHMENT, AND DELIBERATE
 INDIFFERENCE THAT OBLITERATES THE EIGHTH AMENDMENT OF THE UNITED STATES CON-
stitution, ESPECIALLY AS A DETAINEE, AND I AM UNDER THE EXCLUSIVE CARE, CUSTODY
AND CONTROL OF THE THE NEW YORK CITY DEPARTMENT OF CORRECTION. THIS DEFENDANT
CALLOUS BEHAVIOR STEMS FROM DEFENDANTS WARDEN TONY DURANTE ,WARDEN, COMM. JOE
PONTE, AND DEPUTY WARDEN SECURITY DUNBARS  LACK OF TRAINING OF DEFENDANT CAPTAI
SAINT FLEUR ABILITY TO ADDRESS MENTALLY ILL DETAINEEES IN SEEKING SWIFT AND
ADEQUATE MEDICAL (EMERGENCY) CARE THAT CONSISTENT WITH THE BOARD OF CORRECTIONS
MINIMUM STANDARDS. ALL OF THESE NEWO YORK CITY DEPARTMENT OF CORRECTION OFFICIA
TOOK AN OATH AS CIVIL SERVICE WORKERS TO UPHOLD THE THE RIGHTS OF CITIZENS
WITH THE HIGHEST STANDARDS OF INTEGRITY, AND DID IN FACT COMMIT THESE HUMAN
RIGHTS VIOLATIONS UNDER THE COLOR OF STATE LAW. AFTER BEING FOUND UNFIT FOR
COURT DUE TO THE ENORMOUS SIZE AND INFECTUOUS ABCESS ON PLAINTIFF'S RIGHT
LOWER BUTTOCKS (GLUTE) AFTER DEFENDANT'S A.M.K.C. INTAKE OFFICERS SODOMIZED
AND SEXUALLY ASSAULTED PLAINTIFF THAT WAS INVESTIGATED BY THE INSPECTOR
GENERAL'S OFFICE BLACK MALE, WHITE FEMALE, PICTURES TAKEN, BY REVEREND CATO;
MENTAL HEALTH CLINICIAN MS DAWN JIHAHN; REPORTED TPO PRISONER'S RIGHT PROJECT
INMATE GRIEVANCE, AND WAS FORWARADED TO DEFENDANT WARDEN TONY DURANTE, AND
DEFENDANT DEPUTY WARDEN OF SECURITY DUNBAR, WHO NEVER RESPONDED TO PLAINTIFF'S
APPEAL. FINALLY THE SODOMY MATTER WAS ALSO ADDRESSED BY WHITE FEMALE MENTAL
HEALTH CLINICIAN JANE DOE. PLAINTIFF WAS SENT TO WEST FACILIY URGI-CARE WHERE

DEFENDANTS AFRICAN AMERICAN DR. JOHN DOE, AND INDIAN DOCTOR JOHN DOE NUMBED AND CUT INCISION IN PLAINTIFF'S ABCRESS AND SQUEEZED MOST OF THE POISONOUS INFECTION FROM PLAINTIFF'S RIGHT LOWER BUTT CHEEK, AND SENT PLAINTIFF BACK TO THE A.M.K.C. FACILITY WITHOUT PRESCRIBING PAIN MEDICATION AND ANTIBIOTICS IN A SADISTIC AND MALICIOUS MANNER WITRH THE SOLE PURPOSE OF CAUSING HARM AND IN RETALIATION TO PLAINTIFF'S COMPLAINTS OF HOW INJURY WAS PRODUCED BY THE INTAKE HEAVY SET DEFENDANT RUSSIAN OFFICER, C.O. RITTENHOUSE, AND CODY. ENDANGERING PLAINTIFF'S RECOVERY, AND POSSIBILITY OF SPREADING OF INFECTION TO OTHER PARTS OF PLAINTIFF'S BODY, WHICH COULD HAVE LEAD TO ATTRACTING GANGREEN, AND LOSING A BODY LIMB THETREOF VIA AMPUTATION. PLAINTIFF THEN RETURNED TO URGI-CARE THE FOLLOWING DAY AND REQUESTED SAID PAIN MEDICATION AND ANTIBIOTICS FROM SAME DEFENDANT INDIAN DOCTOR JOHN DOE, WHO BLATANTLY LIED AND SAID HE HAD ORDERED SAID MEDICATIONS, AND INFORMED PLAINTIFF THAT HE WOULD HAVE TO RETURN ONE MORE DAY THE FOLLOWING DAY FOR TRATMENT AND TO SEE WHAT EXACT INFECTUOUS POISON WAS DRAINING FROM THE ABCESS. AGAIN PLAINTIFF WAS SENT BACK TO THE A.M.K.C. FACILITY WITH NO PAIN MEDICATION AND/OR ANTIBIOTICS, AND NEVER CALLED BACK TO THE URGI-CARE CLINIC. PLAINTIF ENDURED EXCRUCIATING PAIN AND SUFFERING FOR FOUR(4) DAYS AFTER BEING CUT OPEN, BECAUSE NO ONE WOULD PRESCRIBE PAIN MEDICATIONS AND/OR ANTIBIOTICS FOR HIS SERIOUS LIFE TRREATENING INJURIES. IT WAS NOT UNTIL PLAINTIFF CONTACTED HIS SPOUSE LISA STEVENS, AND DALE WILKER, SARAH KERR, AGNES BAIK. AND SATOMAYER, MILTON THAT HE FINALLY WAS SEEN BY A DOCTOR AT THE A.M.K.C. HART'S ISLAND CLINIC AND RECEIVED PAIN MEDICATION , AND ANTIBIOTICS FOR A MERE THREE(3) DAYS, WITHOUT RENEWAL. PLAINTIFF WAS ALSO PLACED ON A DAIL WOUND CARE LIST TO HAVE HIS BANDAGE CHANGED, BUT WAS NOT CALLED FOR CLOSE TO FOUR(4) DAYS BY CORIZON MEDICAL NURSES JOHN AND JANE DOES DEFENDANTS AS AN ACT OF RETALIATION. PLAINTIFF WAS LATER INFORMED BY DR. PROVOLONE THAT THE SUBSTANCE TAKEN FROM THE ABCESS WAS A FLESH EATING PARASITES KNOWN AS MIRSA, WHICH THERE IS NO KNOWN CURE FOR. THERE WERE ACTUALLY

BUGS INSIDE PLAINTIFF'S BODY EATING HIS FLESH, AND DAILY WOUND CARE SHOULD HAVE BEEN A NUMBER ONE PRIORITY FOR CORIZON A.M.K.C. DEFENDANTS MEDICAL ASSISTANTS AND NURSES, BUT DISREGARDED IN A RETALIATORY MANNER. PLAINTIFF ALSO REQUESTED CREAM AN/OR SOLUTION TO TERMINATE BUGS EATING FLESH, AND PREVENTION OF SCRATCH-ING MEAT SKIN, AND DOCTOR PROVOLONE DELIBERATELY PRESCRIBED FOOT CREAM

FOR A FLESH-EATING PARASITE INSIDE MY BODY FROM THE EXACT RESULT OF MY BEING SODOMIZED AND SEXUALLY ASSAULTED BY DEFENDANT C.O. RITTENHOUSE, AND CODY. DR. PELLOWE; GARRITY; AND BOYD; WITH PRIOR KNOWLEDGE THROUGH PREVIOUS MENTAL HEALTH RECORDS AT HART"S ISLAND MENTAL HEALTH CORIZON CLINIC KNEW PLAINTIFF SUFFEREDS FROM A SERIOUS, AND PERSISTENT MENTAL ILLNES WHERE I REQUIRED ALL OF MY PSYCHOTROPIC MEDICATIONS, BUT FAILED TO PRESCRIBE WITHIN THE MINIMUM STANDARDS FOR MENTAL HEALTH TREATMENT CONSISIENT WITH THE BOARD OF CORRECTIONS SECTION 2-04;2-05 OF CHAPTER 2 OF SAID POLICY AND/OR DIRECTIVES THEREOF. PLAINTIFF WAS ALSO RETALIATED AND THREATENED WITH THE USE OF EXCESSIVE, AND PHYSICAL, AND DEADLY FORCE FOR LITIGATING COMPLAINTS THROUGH THE COURTS, AND A FAILED GRIEVANCE COMMITTEE AT THE ANNA M. KROSS CENTER(A.M.K.C.) THEY EVEN ATTEMPTED TO COVER-UP THE SEXUAL ASSAULT, AND SODOMY INCIDENT, AND THE EXCESSIVE FORCE USED AGAINST PLAINTIFF BY STATING AND LISTING THE INCIDENT AS AN INMATE ON INMATE ASSAULT (SEE ATTACHED GRIEVANCE). on another OCCASION C.O. SHAKOOR #11304, THREATENED ME WITH THE THE BUSE OF MORE SEXUAL AND DEADLY FORCE AND INTERFERING WITH MY MEDICAL TREATMENT ON HART"S ISLAND CLINIC BY STATING IN SUBSTANCE " YOU THINK THEY SEXUALLY ASSAULTED YOU,AND KNOCKED YOURTEETH OUT YOUR MOUTH, I WILL STTCK MY RATON IIP YOUR ASS AND PUT YOU IN A PINE BOX SO YOU WILL NOT BE ABLE TO CALL (311) REFERRING TO THE PRISONER"S RIGHTS PROJECT THAT PROTECT THE RIGHTS OF DETAINEES FROM MISTREATMENT AND SEXUAL. PHYSICAL. EMOTIONAL. AND VERBAL ABUSE AND UNNECESSAARY AND EXCESSIVE USE OF FORCE

STATEMENT OF CLAIM (PAGES)

ESS TO MENTAL HEALTH SERVICES MINIMUM STANDARDS: CHAPTER(2) SECTION(b)

(2)(io)(i): ALL INMATES WHO REPORT HAVING BEEN SEXUALLY ASSAULTED SHALL

BE REFERRED FOR EMERGENCY ASSESSMENT. NONE OF WHICH THE NYCDOCS CORIZON

PSYCHIATRISTS AND?OR MEDICAL STAFF DID NOT NPERFORM UNTIL ALMOST  THREE

WEEKS AFTER THE INCIDENT IN AN ATTEMPT TO COVER-UP  AND PROTECT  FELLOW

EMPLOYEES SEXUAL ASSAULT  DEFENDANTS  RITTENHOUSE  AND CODY  10 MOD OFFICERS

THAT PHYSICALLY ASSAULTED PLAINTIFF KNOCKING TWO(2) TEETH OUT OF HIS MOUTH

IT WAS NOT UNTIL PLAINTIFF SUFFERED FROM AN ABCESS (MRSA) FROM THE

EXACT RESULT OF THE SEXUALLY ASSAULT  AND/OR SODOMY BY INTAKE DEFENDANTS

A.M.K.C. C.O  RITTENHOUSE  AND CODY  THAT PLAINTIFF WAS EXAMINED BY THE

CORIZON DEFENDANTS MENTAL HEALTH NURSES  AND DOCTORS OF THE MENTAL HEALTH

CORIZON DEFENDANTS MAKE AN ATTEMPT SINCE FEBUARY 19, 2015 WHEN THE INCIDE

ACTUALLY  TOOK PLACE  THEIR CONSPIRACY  TO COVER-UP THE INCIDENT

WAS SUCCESSFUL FOR THEM. AND UNFORTUNATE FOR PLAINTIFF. BECAUSE ANY DNA

FROM DEFENDANTS DIRTY FINGERNAILS THAT CAUSED ABCESS AND DEADLY DISEASE

MRSA   ON HIS LOWER RIGHT BUTT CHEEK(GLUTE)  SO NO CRIMINAL CHARGES

COULD BE FILED WITHIN THE STATUTES GUARDING LIMITATIONS, SO PLAINTIFF"S

SOLE RELIEF IS THROUGH THIS VERY COURT FOR HIGH MONETARY DAMAGES THAT

WILL NEVER SATISFY THE EMOTIONAL STRESS, AND EXTREME MENTAL ANGUISH THAT

 OCCURS AFTER BEING SEXUALLY ASSAULTED AT THE HANDS OF THE VERY PEOPLE

DEFENDANTS NAMED HEREIN WHO PLAINTIFF IS UNDER THE EXCLUSIVE. CARE.

CUSTODY. AND CONTROL. AND TOOK OATHS UNDER THE PENALTY OF PERJURY

THAT THEY WOULD PROTECT RESPECT AND SERVE UNDER THE COLOR OF STATE LAW,

AND THE UNITED STATES CONSTITUTION TO PROVIDE THESE MANDATORY RIGHTS

TO ALL DETAINEES WITHOUT MALICUOUSNESS, MALICE, IN A MANNER THAT CALLS

TO QESTION THE INTEGRITY OF THE DEFENDANT COMM. JOSEPH PONTE,WARDEN

TONY DURANTE, AND DEPUTY WARDEN SECURITY DUNBAR, AS TO THE TRAING AND

TEACHINGS OF THE DEFENDANTS NAMED HEREIN OFFICIALLY, MEDICALLY AND

MENTALLy.

ALL CORRECTION OFFICERS AND MEDICAL SERVICES PERSONNEL ARE TO RECEIVE
TRAINING AND CONTINUING EDUCATION IN PROGRAMS APPROVED BY THE DEPARTMENT OF
CORRECTION, HEALTH AND MENTAL HEALTH, MENTAL RTETARDATION, AND ALCOHOLISM
SERVICES REGARDING REGARDING THE RECOGNITION OF MENTAL AND EMOTIONAL
DISORDERS. THIS TRAINING SHALL INCORPORATE, BE NEED NOT BE LIMITED TO THE
FOLLOWING AREAS: THE RECOGNITION OF ADVERSE REACTIONS TO PSYCHOTROPIC MEDICAT
TYPES OF POTENTIAL MEWNTAL HEALTH EMERGENCIES, AND HOW TO APPROACH INMATES
TI INTERVENE IN THESE CRISIS;  suicide prevention and the appropriate channel
FOR THE IMMEDIATE REFERRAL OF AN INMATE TO MENTAL HEALTH FOR FURTHER EVALUA-
TION, AND THE PROCEDURES GOVERNING SUCH REFERRTALS.(CHAPTER 2) MENTAL HEALTH
MINIMUM STANDARDS   ACCESS (b) (2) 9(i), (ii)(iii).ONCE DEFENDANTS ARE PUT
ON NOTICE AND/OR MADE FULLY AWARE OF A LIFE-THREATENING SITUATION INSIDE A
A JAIL AND DOES NOT CONFORM TO HIS/HER DUTIES TO GUARD AND PROTECT A DTAIIN-
EES RIGHTS HAVING PRIOR KNOWLEDGE UN THE EIGHTH AMENDMENT OF THE UNITED
STATES CONSTITUTION EQUALS DELIBERATE TNDIFFERENCE THAT AMOUNTS ALSO TO
CRUEL AND UNUSUAL PUNISHMENT. THE FOURTH AMENDMENT PROTECTS PLAINTIFF FROM
ILLEGAL CAVITY SEARCHES AND SEIZURE WITHOUT PROBABLE CAUSE THAT CAUSES
SERIOUS PHYSICAL EMOTIONAL AND MENTAL INJURIES WITHOUT PROPER IMMEDIAT
MEDICAL, AND MENTAL HEALTH CARE IS IN DIRECT VIOLATION OF PLAINTIFF'S
FOURTEENTH AMENDMENT DUE PROCESS RIGHTS INM COLLABOTRATION WITH THE EQUAL
PROTECTION CLAUSE IN THE FOURTEENTH AMENDMENT THAT GAURANTEES PLAINTIFF
THESE RIGHTS ANYWHERE IN THE UNITED STATES.

ALL HUMAN BEINGS ARE BORN FREE AND EQUAL IN DIGNITYand rights everyone is
entitled TO ALL THE RIGHTS AND FREEDOMSET FOURTH IN THE UNIVERSAL
DECLARATIONOF HUMAN RIGHTS WITHOUT DISTINCTION OF ANY KIND, SUCH AS RACE,
COLOR, SEX, LANGUAGE, RELIGION, AND OR POLITICAL OR OTHER OPINION NATIONAL
OR SOCIAL ORMGIN EVERYONE HAS THE RIGHTTO LIFE LIBERTY AND SECURITY OF PERSI
NO ONE SHALL BE SUBJECTED TOTORTUREOR TO CRUEL INHUMANOR GEGRADINGTREATMENT
OR PUNISHMENT

THE NY STATE DIVISION OF PAROLE CONTINUES TO HOLD PLAINTIFF IN JAIL WITH TWO(2) PAROLE WARRANTS, EVEN THOUGH PLAINTIFF PAROLE EXPIRATION DATE WAS OCTOBER 17, 2011 (SEE ATCACHED PAROLE LOOK-UP SHEET). THAT DEEMS DEFENDANT ANDREA EVANS DIRECTOR OF PAROLE LIABLE FOR UNLAWFUL IMPRISONMENT, DELIBERATE INDIFFERENCE, CRUEL, AND UNUSUAL PUNISHMENT THAT IS IN CLEAR VIEW OF PLAINTIFF"S CONSTITUTIONAL RIGHTS BEING VIOLATED IN THE FORM OF RETALIATION FOR FILING OF COMPLAINTS, AND/OR GRIEVANCES. FINALLY PLAINTIFF LIVING CONDITIONS AT THE ANNA M. KROSS CENTER(A.M.K.C.) DORM 4 UPPER IS ENDANGERING HIS HEALTH WHERE ABESTOS IS PRESENT, RUSTED SCREENS GUARDING THE AIR CONDITIONING AND THE HEAT NO RUBBER MATS PRESENT IN THE SHOWER, DID NOT PASS LAST INSPECTION IN MARCH BY THE BOARD OF CORRECTIONS. THE DEFENDANTS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE WARDEN AT A.M.K.C, AND THE DEPUTY WARDEN OF SECURITY, JOSEPH PONTE; TONY DURANTE; AND DUNBAR COLL.ECTIVELY ARE RE$SPONSIBLE FOR THE SAFETY OF PLAINTIFF, AND ALL DETAINEES UNDER THEIR EXCLUSIVE CARE CUSTODY, AND CONTROL, AND RESPONSIBLE FOR PROVIDING A HEALTHY ENVIRONMENT, AND LIVING CONDITIONS THAT DO NOT JEOPARDIZE PLAINTIFF"S AND ALL DETAINEESS PHYSICAL, AND MENTAL HEALTH. AND/OR STABILITY BY FULFILLING ALL WORK ORDERS FOR LEAKS , RUSTY METAL, MISSING TLIES, PEELING PAINT FROM CEILING, AND RUBBER SAFETY MATS IN SHOWER. PERIODIC POWER WASHING OF SHOWER WALLS AND STAINLESS STEEL, AND PANTRY TO KEEP FOOD HOT FRESH, AND POISONOUS CHEMICALS FREE. THE DAYROOM WHERE DETAINEES PLAY CARD GAMES, BOARD GAMES WORK OUT AND WATCH T.V. IS NOT A HEALTHY ENVIRONMENT TO STORE AND SERVE MEALS TO DETAINEES. FINALLY, THE DEFENDANTS DR. PELLOWE; DR. GARRITY; DR. SIMPSON; AND DR. BOYD, IS AND ARE LIABLE FOR DENYINF PLAINTIFF HIS ANTIANXIETY MEDICATTONS THAT HE PROVIDED OUTSIDE PRIMARY CARE MENTAL HEALTH PROVIDER DR. TUMULU NAIDU, AT HARLEM HOSPITAL, AND DR. RACHEL GRIFFIN AT ST. LUKES ROOSEVELT HOSPITAL FOR VERIFICATION ANTIANXIETY MEDICATIONS CLONZEPAM 2 MG TWICE A DAY, AND/OR APROZALAM 2 A DAY WHICH PLAINTIFF HAS BEEN TAKEN FOR THE PAST FEW YEARS THAT PREVENTS

PLAINTIFF FROM THOUGHTS OG SUICIDE, DEPRESSION, AGITATION, AND AGRESSION
AND OUT OF PSYCHIATRIC FACILITIES FOR THESE BEHAVIORS HAVE BEEN DENIED
BY THE ABOVE NAMED DEFENDANTS OF PRISON HEALTH SERVIES (PHS) CORIZON MENTAL
HEALTH PSYCHITRISTS FOR THE SOLE PURPOSE OF DISPLAYING CRUEL AND UNUSUAL
PUNISHMENT AND RETALIATION FOR COMPLAINTS FILED WITH THE PRISONER"S RIGHTS
PROJECT STAFF ATTORNEYS: MR DALE WILKER, MR. MILTON SATEMAYER, MS. AGNES BAIK
AND MS. SARAH KERR. WHOM SENT NUMEROUS E-MAILS TO THE HEATH CONTRACTOR
HEAD MENTAL HEALTH STAFF. THE BOARD OF CORRECTIONS EM½PLOYEES TO NO AVAIL.
IN ADDITION, THE MEDICAL DOCTORS DEFENDANTS PROVOLONE RIDGEWOOD, AND MALE
INDIAN DOCTOR OF PRISON HEALTH SERVICES, AND NURSES THEREOF OF CORIZON
HART"S ISLAND CLINIC FOR MENTAL HEALTH DETAINEES FAILED TO PROVIDE PLAINTIFF
WITH TIMELY PAIN MEDICATION FOR ABCESS INFECTED WITH MRSA SUBSTANCE, FROM THE
THE SEXUAL ASSAULT, SODOMY, ILLEGAL CAVITY SEARCH BY DEFENDANTS NAMED IN
PREVIOUS COMPLAINT FAILED TO PROVIDE TIMELY WOUND CARE, AND DRESSING CHANGE
ANTIBIOTICS, BACK BRACE, PAIN MEDICATION TRAMBDOL CANE, AND REFERRAL TO SEE
SPECIALIST DR. LIEBERMAN THE ORTHOPEDIC, WHO COULD AND WOULD HAVE PROVIDED
SAID CARE TO INSURE THE SAFETY AND WELL BEING PLAINTIFF AND DETAINEES ALIKE.
THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS HOUSES, PAPERS, AND
EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED
AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE SUPPORTED BY OATH
OR AFFIRMATION, AND PARTICULARLY DESCRIBINGTHE PLACE TO BE SEARCHED, AND THE
PERSONS OR THINGS TO BE SEIZED. FOURTH AMENDMENT OF THE UNITED STATES CON-
STITUTION OF AMERICA.NO ONE SHALL BE SUBJECTED TO ARBITRARY ARREST,DETENTION
OR EXILE. everyone is entitled in full equality to a fair and public hearing
BY AN INDEPENDENT, AND INMPARTIAL TRIBIINALIN THE DETERMINATION OF HIS RIGHTS,
AND OBLIGATIONS AND OF ANY CRIMINAL CHARGE AGAINST HIM. EVERYONE HAS THE
RIGHT TO A STANDARD OF LIVING ADEQUATE FOR THE HEALTH AND WELL-BEING OF HIMSE
AND HIS FAMILY INCLUDING FOOD, CLOTHING HOUSING, AND MEDICAL CAREAND NECESSAR

SOCIAL SERVICES AND THE RIGHT TO SECURITY IN THE EVENT OF UNEMPLOYMENT,
SICKNESS, DISABILITY,WIDOWHOOD, OLD AGE OR OTHER LACK OF LIVELIHOOD IN
CIRCUMSTANCES BEYOND HIS CONTROL. FINALLY, THE GRIEVANCE COMMITTEE AT THE
ANNA M. KROSS CENTER C.O. JEFFERSON, AND FEMALE AFRICAN AMERICAN FEMALE ARE
DEFENDANTS IN THIS ACTION IN THAT THEY ARBITRARILY BYPASSED GRIEVANCES
AGAINST THEIR CO-WORKERS, AND FRIENDS , AND DENY ALL DETAINEES AT THIS FACILI
THE RIGHT TO EXHAUST THEIR ADMINTSTRATIVE REMEDIES PRIOR TO 1983 CIVIL
RIGHTS ACTION AGAINST THIS FACILITY, AND THEY HAVE CONSPIRED TO COVER-UP
A MANY OF PLAINTIFF"S GRIEVANCESV  IN RETALIATION TO PREVIOUS COMPLAINT
FILED BY PLAINTIFF AS THE "NO PASS" POLICY 12 CIV. 6212 (ALC)(SN).


WHEREAS DEFENDANT KELLY WHEELER, DETECTIVE OF THE 6TH PRECINCT HAD NO
PROBABLE CAUSE TO ARREST PLAINTIFF AFTER SHE WAS INSTRUCTED BY PLAINTIFF
THAT ON THE DAY IN QUESTION JANUARY 23, 2015 THE DESIGNER SHOE WEAR(DSW)
STORE IS NOT OPEN AT 1:00 A.M., AND THAT IT WAS IMPOSSIBLE FOR PLAINTIFF
TO POSSESS ANY STOLEN PROPERTY ON THAT DAY, AND THAT DEFENDANT KELLY
WHEELER QUESTIONED PLAINTIFF OUT OF HER JURISDICTION, WITHOUT  PLAINTIFF"S
LAWYER MR. ALEX MOULTER OF THE HARLEM NEIGHBORHOOD DEFENDERS OFFICE.
WITHOUT THE READING OF PLAINTIFF"S MIRANDA RIGHTS DID VIOLATE PLAINTIFF"S
FOURTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.
FURTHERMORE, PLAINTIFF"S PLACE OF RESIDENCE 2070 7TH ave #5S H HAS TWENTY-
foBOUR(24) HOUR SECURITY PERSONNEL, AND CAMERAS THAT WILL CONFIRM THAT
PLAINTIFF DID NOT EVEN LEAVE HIS PLACE OF RESIDENCE THAT DAY,  BUT MAYBE TO
GO TO THE STORE AND BACK, BECAUSE IT WAS PLAINTIFF"S MOTHER"S BIRTHDAY
DEFENDANT POLICE COMMISSIONER WILLIAM BRATTON IS LIABLE, BECAUSE HIS DIRECT
INVOLVEMENT IN THIS MATTER INCLUDES HIS NOT TRAINING AND OR TEACHING OF HIS
SUBORDINATE DEFENDANTS KELLY WHEELER AND MAE CHOW, WHO MADE AN UNLAWFUL
ARREST WITHOUT PROPER PROTOCOL, AND INVESTIGATION TACTICS IN MAKING ARRESTS
THAT DO NOT QUESTION THE CONSTITUTION, AND RIGHTS OF A
N

V.    Relief:

State what relief you are seeking if you prevail on your complaint.

PLAINTIFF SEEKS PAIN AND SUFFERING
DAMAGES FROM EACH NAMED DEFENDANT IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITY
IN THE AMOUNT OF $50,000.00 PLAINTIFF
SEEKS EMOTIONAL STRESS AND MENTAL
ANGUISH DAMAGES IN THE SAME AMOUNT
FROM EACH DEFENDANT IN THE SAME
CAPACITY, AND FINALLY, PLAINTIFF SEEKS
PUNITIVE DAMAGES FROM EACH DEFENDANT
IN THE SAME AMOUNT FOR RETALIATION FOR A SUBTOTAL
ONE (1) MILLION AND TWO HUNDRED THOUSAND DOLLARS.

I declare under penalty of perjury that on <u>MAY 7, 2015</u>. I delivered this
(Date)

complaint to prison authorities to be mailed to the United States District Court for the Eastern

District of New York.

Signed this <u>7th</u> day of <u>MAY</u>, 2015. I declare under penalty of

perjury that the foregoing is true and correct.

_____
Signature of Plaintiff

_____
Name of Prison Facility

_____

_____

_____
Address

_____
Prisoner ID#

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LARRY MCNAIR,

                                        Plaintiff,

          -against-

WARDEN LOUIS RIVERA, and DEPUTY WARDEN
OF SECURITY CANTY,

                                    Defendants.

------------------------------------------------------------------ x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE**

12 Civ. 6212 (ALC)(SN)

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 6-3-14

      **WHEREAS,** plaintiff Larry McNair commenced this action by filing a summons and complaint on August 13, 2012 and an amended complaint on October 11, 2012 against Warden Louis Rivera and Deputy Warden of Security Canty (hereinafter "defendants") alleging violations of his constitutional rights in connection with a "no pass" policy instituted at the Rikers Island's Anna M. Kross Center in June 2012.

      **WHEREAS,** defendants filed an answer to the complaint on or about September 27, 2013, denying all allegations of wrongdoing contained therein and asserting affirmative defenses;

      **WHEREAS,** defendants deny any and all liability or wrongdoing arising from plaintiff's allegations, and nothing in this stipulation shall be deemed an admission of any fault or liability by any defendant; and

      **WHEREAS,** defendants now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability;

**COPIES MAILED**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Plaintiff's claims in the above-referenced action are hereby dismissed as to the defendants, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York, on behalf of the defendants, agrees to pay plaintiff the sum of two thousand five hundred dollars ($2,500.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. Such payment will be made by check payable to "Larry McNair."

3. In consideration for the payment of the amount set forth in paragraph "2" above, plaintiff agrees to dismiss, with prejudice, all claims against the defendants, and to release the defendants, any present or former employees or agents of the New York City Department of Correction ("DOC") and the City of New York from any and all liability, claims, and/or rights of action, from the beginning of the world to the date on the General Release in this action, whether know or unknown, that Plaintiff could have raised in the complaint in this action as against the Defendants based upon, or related in any way to, the "no pass" policy instituted at the Rikers Island's Anna M. Kross Center in June 2012, including all claims for costs, expenses and fees incurred in connection with this action.

4. Plaintiff shall be responsible for the payment of any federal, state and/or local taxes on the payment specified in paragraph "2" above.

5. Plaintiff will execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraphs "2" and "3" above, an affidavit of no liens and a substitute W-9 form. The payment set forth

above is subject to and conditioned on delivery of such documents to defendants' undersigned attorney.

6.   Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated the rights of plaintiff, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, by-laws, rules or regulations of the United States, the State of New York, or the City of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York or the DOC.

7.   This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except for enforcement of the provisions contained herein.

8.   Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the DOC.

9.   This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:        June 2, 2014
              New York, New York

Larry McNair                                    ZACHARY W. CARTER
*Plaintiff pro se*                              Corporation Counsel for the
2070 7th Avenue, Apt 5S                         City of New York
New York, NY 10027                              *Attorney for Defendants*
                                                100 Church Street, Room 2-192
                                                New York, New York  10007
                                                (212) 356-0893

By: _____               By: _____
      LARRY MCNAIR                                 CAROLYN E. KRUK
                                                   Assistant Corporation Counsel

 

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE AND REQUEST PROGRAM
### DISPOSITION FORM          Attachment - C

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

If this is a submission not subject to IGRP process, DOC Grievance Supervisor must choose its category and write down the next steps for the inmate.

- [ ] Staff-on-inmate non-sexual assault (use of force) allegation
- [x] Staff-on-inmate sexual assault/abuse allegation
- [ ] Staff-on-inmate non-sexual harassment
- [x] Inmate-on-inmate non-sexual assault allegation
- [ ] Inmate-on-inmate sexual assault/abuse allegation
- [ ] Inmate-on-inmate non-sexual harassment allegation
- [ ] Status as an intended contraband recipient, enhanced restraint, Red ID, or centrally monitored case inmate

- [ ] Medical staff, e.g., complaints regarding quality of care, request for second medical opinion
- [ ] Mental health staff, e.g., complaints regarding quality of care, request for second medical opinion
- [ ] Request for protective custody (fear for safety)
- [ ] Request for accommodation due to disability
- [ ] Inmate disciplinary process and dispositions
- [ ] Freedom of Information law request
- [x] Other   _STAFF COMPLAINT_

| Next steps: _COMPLAINT FORWARDED TO WARDEN_ | | Date of Deadline for Status Update from Relevant Entity: |
|---|---|---|
| Inmate's Signature: | Date: | Grievance Supervisor's Signature: _Ramdeen_   Date: 3/19/15 |

## STEP 2: FORMAL HEARING OF INMATE GRIEVANCE RESOLUTION COMMITTEE

Formal Hearing Disposition:  _INMATE_

_COPY_

Date returned to inmate:              IGRC Members Signatures:

Please decide within five business days of receipt whether to appeal (Check one box below.)

- [ ] Yes, I agree with the IGRC hearing disposition.
- [ ] No, I disagree with the IGRC hearing disposition and seek to appeal to the Commanding Officer.

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|

## STEP 3: APPEAL TO THE COMMANDING OFFICER

Grievance Supervisor must check only one box below.

- [ ] Grievance forwarded to the Commanding Officer for action upon IGRC recommendation.
- [ ] Grievance not forwarded to the Commanding Officer (explain):

| Grievance Supervisor's Signature: | | Date: |
|---|---|---|

Form #: 7101R-H: 03/10/13 Ref: Dir 3376 Page 1

City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): |
|---|---|---|
| LARRY McNAIR | 3491502006 | |
| Facility: | Housing Area: | Date of incident: | Date Submitted: |
| A.M.K.C. | 10 MOD | 2/19/24/2015 | 3/25/2015 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is ongoing. The inmate filing the grievance or request must personally prepare this statement. Upon collection, the inmate Grievance and Request Program (IGRP) staff will time-stamp and issue to a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a control receipt within two business days of receiving it.

Request or Grievance:

~~ON FEBUARY 19/2015~~    ~~WHILE BEING STRIPPED SEARCHED BY~~
~~INTAKE C.O.~~    ~~HEAVYSET RUSSIAN C.O. HE MISTAKENLY CLAIMED I~~
~~HAD CONTRABAND IN MY RECTUM THROUGH X-RAY MACHINE, AND UNLA~~WFULLY
~~WITHOUT MEDICAL~~  ~~CREDENTIALS~~
                              ~~WHICH WOULD BE KNOWN AS A COLON~~ EXAM,
~~HE STUCK HIS UNGLOVED~~ BARE FINGERS ~~IN MY ANAL CAVITY THAT CONSTITUTES~~
~~SEXUAL ASSAULT, AND SODUMY. I WAS THEN ASSAULTED WITH EXCES~~SIVE
~~AND PHYSICAL FORCE BY OFFICERS IN 10 MOD ON 2/24/2015, AND~~ LOST

Action Requested by Inmate    TWO(2) TEETH.

~~FULL INVESTIGATION BY WARDEN TRONY DURANTE, AND DEPUTY SECUR~~ITY DUNBAR,
~~AND THE COMMISSIONER joseph ponte, and BY THE INSPECTOR~~ GENERAL, mental
~~health staff for therapy~~ and the need for anxiety medications, to
KEEP FROM ATTEMPTING ~~to kill myself~~ and ~~BECOMING AGITATED,ET~~C.

Please Check Below and check the correct box.

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ | ☐ |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ | ☐ |
| Have you filed this grievance or request with a court or other agency? | ☐ | ☐ |
| Do you require the assistance of an interpreter? | ☐ | ☐ |

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: Staff complaint / Unm Unm assault |
|---|---|---|
| 3/19/15 | UF | |
| | Inmate Grievance and Request Program Staff's Signature: | |
| | Randeen | |

# Hope for Healing

Information for Survivors
of Sexual Assault in Detention



STOP PRISONER RAPE

Sexual assault is any type of forced or coerced sexual touching, with or without penetration.

# Definitions

Sexual violence takes several forms, all of which may have a profound impact on your life. Surviving an act of sexual violence takes strength, courage, and skill. You, just like every human being, have the right to decide when and how you engage in sexual activity. No one deserves to be raped. If you have been sexually assaulted, the assault was not your fault.

- An act of violence. It does not express love, lust or attraction. Rape expresses dominance, power, and control. Sexual assault is about domination and maintaining or establishing a hierarchy or ownership.

- A crime, and just like any violent crime, sexual assault is never the victim's fault.

## Sexual Assault is:

- Any sexual contact to which you did not consent. Legal terms and definitions differ state by state. Most people use "rape" to mean any kind of unwanted penetration. Sexual assault is any type of forced or coerced sexual touching, with or without penetration. In this booklet, we will use *sexual assault* and *rape* interchangeably. You can use whatever words you think best describe your experience.

## Sexual Harassment is:

- Unwanted sexual advances that create fear or discomfort and make normal functioning impossible. Sexual harassment may be physical or verbal.

o *Quid Pro Quo*, or "this for that," is when someone offers you something in exchange for doing what they ask.

o *Hostile Environment* harassment happens when someone badgers you

You have the right to decide what is best for you and
what you need to do to survive and heal.

# Your Rights

## As a survivor of sexual assault in detention, you have the right:

- to be treated with respect by others;
- to decide who to tell;
- to decide how best to take care of yourself;
- to ask questions about what will happen if you report and how to get medical care;
- to be listened to and supported;
- to have any fears of retaliation taken seriously;
- to take your time to heal;
- to feel all of your feelings;
- to request a housing or cell change for your safety;
- to request to speak with mental health staff;
- to contact a support agency like Stop Prisoner Rape or a rape crisis center;
- to seek advice from a lawyer.

## If you file a formal report, you have the right:

- to choose the person to whom you make the report;
- to have a sexual assault victim advocate present at each stage of the process, from the medical exam to the sentencing;
- in many states, to request that your name and information be kept confidential;
- to obtain reports/records about your assault;
- to file a grievance if you have been discriminated against;
- to decide later not to participate in court proceedings.

## During the medical exam, you have the right:

- to request that any non-essential people leave the room;
- to have an advocate in the room;

The daily trauma of being behind bars makes the stress
of the rape even more difficult.

# Challenges of Incarceration

The daily trauma of being behind bars makes the stress of the rape even more difficult. You may be unable to move about freely, may have no privacy, and may have to live with the perpetrator.

Deep feelings of shame are common for survivors of sexual assault. Most of us have a need to keep our most embarrassing or shameful moments private. In detention settings, secrets are usually very hard to keep and gossip spreads quickly. Many survivors are devastated to find that everyone seems to have heard the perpetrator's, or some other untrue, version of the assault.

Some of the other challenges for survivors who are incarcerated are:

- In prison or jail you have very little control over things to which most survivors are sensitive, like noise, light, and crowds.

- You may have to be alone more than is good for you or you may need to be alone and not be able to get any space. If you are feeling overwhelmed, being isolated can either be scary and dangerous or it can be a relief. If at all possible, reach out by writing to a loved one or to Stop Prisoner Rape, or by asking to talk with someone. Even if you do not want to talk about the rape, human contact can make a difference.

- You are expected to appear calm and follow directions at all times. When you are in a crisis and feeling disoriented, irritable or anxious, it may seem impossible to go on as usual.

- You may feel so desperate that you think about provoking a dangerous situation to break the tension.

- Sharing or showing your feelings in any way might not be safe or may mark you as someone with a mental health problem or as a target for perpetrators.

- You may have questions and fears about who will find out about the

on, triggers will have to be much stronger to reactivate a crisis.

- A reactivation of crisis is an important part of the healing process. Every time you work back through the phases you will gain skills and strengths that improve your life and health.

- A reactivation of crisis does not mean you are back at square one of the healing process. All the good work you have done is still there.

- If you have experienced any other traumatic event, such as childhood abuse, you may find that you go into crisis about that as well as the recent sexual assault.

- An important time to reach out for support is when a crisis is reactivated.

## When the Assaults Keep Happening: Complex PTSD

Everything in the section on RTS can occur after one traumatic experience, yet you may be in a situation where you are being sexual assaulted, harassed or exploited on a daily basis. Some prisoners experience sexual slavery or are forced into prostitution over a period of time.

Psychiatrist and activist Judith Hermann coined the term *Complex PTSD* to describe what happens when someone survives repeated trauma. No one can survive prolonged abuse without having it change them in some way. When under the control of a perpetrator and unable to flee, even a very healthy person may experience:

- Feeling sad all the time, feeling hopeless enough to plan to hurt or kill yourself, feeling explosive anger or feeling numb.

- Changes in thinking and memory, like forgetting all or part of a traumatic event, reliving traumatic events, blocking out chunks of time, and feeling detached (separate) from your thoughts or your body.

- Seeing yourself as different and separate from every other person, feeling helpless and believing that you are "marked" in some permanent way.

- Thinking that the perpetrator is all-powerful, feeling obsessed with him or her or having intense revenge fantasies.

- Relating to other people differently by isolating yourself, distrusting everyone or looking for someone to rescue you.

- Seeing the world in new ways, such as losing faith, having a sense of impending doom (feeling like something awful is going to happen all the time), feeling disconnected from your family or community or not being able to handle everyday events.

The more times you have been assaulted, the more likely you are to believe that the abuse happened because of you. Many survivors of repeated trauma switch from thinking "it must have happened because of something I did" to "it happened because of who I am."

Remember that no one can force another person to commit rape or assault. It is a choice the perpetrator made. Self-blame does not keep you safer and it stops the healing process.

Every survivor experiences Rape Trauma Syndrome in his or her own way depending on previous experience with trauma, resources, life experiences, and personality.

# Rape Trauma Syndrome

Rape Trauma Syndrome (RTS) describes the feelings, thoughts, reactions or symptoms that frequently occur after a sexual assault. Every survivor is unique and will experience RTS in his or her own way depending on previous experience with trauma, resources, life experiences, and personality. Rape Trauma Syndrome is a type of Post Traumatic Stress Disorder (PTSD). In fact, many mental health professionals use the term "PTSD" to describe "RTS."

Survivors often feel like they are "going crazy." Healing takes time and sometimes the process is scary and overwhelming. With support you can heal. The hurt you feel in the immediate aftermath of an assault will not last forever. Remember, Rape Trauma Syndrome and Post Traumatic Stress Disorder are essentially normal reactions to an abnormal level of stress.

Rape Trauma Syndrome has three phases that last different lengths of time for each person. You might experience them in order, or you might find that you go back and forth. They are called phases because they do not last forever.

## Acute Crisis Phase

- The acute crisis usually occurs right after the assault or when the survivor remembers or begins to think about the assault for the first time. The survivor's life is disrupted and he or she is left feeling overwhelmed, disoriented, and unable to cope.

- Unfortunately, this is also when survivors in detention are expected to report the crime, especially if there is hope of gathering physical evidence. Making such complicated decisions right now is often impossible. Most survivors are unable to process the assault, much less make decisions around telling and reporting.

- Survivors may experience a wide range of emotions, including fear,



**Please see that Mr. McNair is provided with necessary psychiatric medications.**

We received another phone call from Mr. McNair. It was difficult to understand Mr. McNair's phone message, he was hard to hear and/or slurring his speech. In addition, the phone call was cut off mid-sentence. The clear part of the message stated that he was still not receiving medications for his schizoaffective disorder. As was communicated to you on Friday (see below email), Mr. McNair has a history of serious mental illness and requires medication. The difficulty in understanding him may be due to his lack of medications and increasing decompensation. We are very concerned that nothing has been done for him, it appears that our urgent message from Friday was not heeded. Please see that Mr. McNair is provided with necessary psychiatric medications.

Mr. McNair also reported that he was in an intake area for a week before being housed. This matter should be investigated. If the lack of medications is related to the failure to house him, please take corrective action so that such long delays in placement do not recur.

Sarah Kerr
Staff Attorney
Prisoners' Rights Project
The Legal Aid Society
199 Water Street
New York, NY 10038
(212) 577-3530
(212) 646-4542 (FAX)

-----Original Message-----
From: Zelermyer, Milton
Sent: Friday, February 27, 2015 3:12 PM
To: 'Jay Cowan (Jay.Cowan@Corizonnyc.com)'; 'Dr. Homer Venters'
Cc: 'Athanasia Toumanidis'; 'Dr. Anthony Waters'; 'Dr. Luis Cintron'; 'Dr. R. Macdonald'; 'Dr. Zachary Rosner'; 'Eric Zimiles'; 'George Axelrod'; 'Nancy Arias RN'; 'Patricia Morgese'; 'Pinney, Becky'; 'Amy-Monique Waddell (AWaddell@boc.nyc.gov)'; 'Ashley D'Inverno'; 'Chai Park'; 'Felix Martinez (fmartinez@boc.nyc.gov)'; 'Richard T. Wolf (rtwolf@boc.nyc.gov)'; 'Tonya (BOC) Glover'
Subject: Larry Mcnair,, 3491502006, AMKC 9 MOD
Importance: High

Mr. McNair called the Prisoners' Rights Project at about 2:30 this afternoon, to tell us that he has not been provided with needed medications related to his mental health treatment.  These include Zanax, Seroquel, and at least one other.  These were prescribed recently at St Luke's Hospital.  He believes he City health providers have documentation of his medication needs.  MOST IMPORTANTLY, HE SAYS THAT IS HE IS DECOMPENSATING AND CONTEMPLATING SUICIDE.  ON HIS BEHALF I AM REQUESTING THAT HE BE SEEN IMMEDIATELY BY A MENTAL HEALTH PROVIDER FOR AN EVALUATION OF HIS MENTAL STATUS AND TREATMENT NEEDS.  As further background, please be aware that Mr. McNair, who was arrested 2/19/15, was not provided with a bed for several days after admission and this caused him great anxiety.

Mr. McNair also told me he wanted to go to sick call today, but, as of the time of his telephone call, sick call for his unit had not occurred.

## Wilker, Dale

| | |
|---|---|
| **From:** | Baik, Agnes |
| **Sent:** | Tuesday, March 03, 2015 1:37 PM |
| **To:** | 'michael.blake@doc.nyc.gov' |
| **Cc:** | 'mmostajo@doi.nyc.gov'; 'karen.bhoorasingh@doc.nyc.gov'; 'Miladys.Rivera@doc.nyc.gov'; 'Heidi.Grossman@doc.nyc.gov'; 'constituentservices@doc.nyc.gov'; 'Shirvahna.Gobin@doc.nyc.gov'; 'joel.duverge@doc.nyc.gov'; 'Chantay.Irizarry@doc.nyc.gov'; 'david.due ..u@doc.nyc.gov'; 'Kathryn.Calise@doc.nyc.gov'; 'jsculco@doi.nyc.gov'; 'rgigante@doi.nyc.go' 'tglover@boc.nyc.gov'; 'rtwolf@boc.nyc.gov'; 'fmartinez@boc.nyc.gov'; 'chpark@boc.nyc.gov'; 'awaddell@boc.nyc.gov'; 'AD'Inverno@boc.nyc.gov' |
| **Subject:** | REPORT OF ASSAULT BY STAFF AND INAPPROPRIATE CAVITY SEARCH: Larry McNair, 3491502006, AMKC |

We have received several voicemails from Mr. McNair reporting several complaints. He said that he had two teeth knocked out during an altercation with officers. He also mentioned that on February 26, COs Rittenhouse and Cody cavity searched him by one or both of the officers putting their bare fingers into Mr. McNair's anal cavity. We do not know if these two incidents are related.

Would you please ensure Mr. McNair's allegations are properly investigated and that steps are taken to protect him, including transferring him to a different housing area or facility if appropriate? Thank you for your attention to this matter.

Agnes Baik
Paralegal Casehandler
Prisoners' Rights Project
199 Water St.
NY, NY 10038
T: (212) 577-3530
F: (646) 616-4893

..ıker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Thursday, March 12, 2015 9:05 PM |
| **To:** | 'Jay Cowan (Jay.Cowan@Corizonnyc.com)'; 'Dr. Homer Venters'; 'eford@health.nyc.gov' |
| **Cc:** | 'Athanasia Toumanidis'; 'Dr. Anthony Waters'; 'Dr. Luis Cintron'; 'Dr. R. Macdonald'; 'Dr. Zachary Rosner'; 'Eric Zimiles'; 'George Axelrod'; 'Nancy Arias RN'; 'Patricia Morgese'; 'Pinney, Becky'; 'Amy-Monique Waddell (AWaddell@boc.nyc.gov)'; 'Ashley D'Inverno'; 'Chai Park'; 'Felix Martinez (fmartinez@boc.nyc.gov)'; 'Richard T. Wolf (rtwolf@boc.nyc.gov)'; 'Tonya (BOC) Glover'; agabriel; Angela Solimo; Dr. Anthony Waters; Dr. Elena Panove; Giselle Tavarez; kgorib |
| **Subject:** | RE: MENTAL HEALTH MEDICATION / DENTAL TREATMENT etc. FOR Larry McNair 349-15-02006 AMKC |



THE
LEGAL
AID
SOCIETY

Mr. McNair, age 52,  reports that he is still decompensating and still not receiving mental health medication as of March 11th, despite our reports of March 3rd and February 27th , which are reprinted below.

He also says that he needs dental treatment to repair two teeth that were knocked out of his mouth when he was assaulted by correction officers nearly two weeks ago.  He says that he is in a great deal of pain from this injury, but has been denied pain medication.  His voice sounds slow and slurred on the telephone.

Would you please make sure that, without further delay, he receives mental health and pain medications that are appropriate for his conditions and which  effectively manage his symptoms?

Would also you please have him seen by a psychiatrist and a dentist as soon as possible and provided with any appropriate and necessary treatment?

Please let us know your actions taken to address his treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

Thank you for your attention to this matter.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 3059
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

1

**From:** Kerr, Sarah
**Sent:** Thursday, April 02, 2015 2:27 PM
**To:** Zelermyer, Milton; 'Jay Cowan (Jay.Cowan@Corizonnyc.com)'; 'Dr. Homer Venters'
**Cc:** 'Athanasia Toumanidis'; 'Dr. Anthony Waters'; 'Dr. Luis Cintron'; 'Dr. R. Macdonald'; 'Dr. Zachary Rosner'; 'Eric Zimiles'; 'George Axelrod'; 'Nancy Arias RN'; 'Patricia Morgese'; 'Pinney, Becky'; 'Amy-Monique Waddell (AWaddell@boc.nyc.gov)'; 'Ashley D'Inverno'; 'Chai Park'; 'Felix Martinez (fmartinez@boc.nyc.gov)'; 'Richard T. Wolf (rtwolf@boc.nyc.gov)'; 'Tonya (BOC) Glover'; Wilker, Dale; Boston, John
**Subject:** RE: Larry Mcnair,, 3491502006, AMKC Dorm 4 Upper - REQUIRES MEDICAL ATTENTION


THE LEGAL AID SOCIETY

We have received another call from Mr. McNair. He reports being in a great deal of pain in his rectum due to an incident at intake in February. Although he has been able to access sick call several times this week, he has not received assistance. On the occasions when he was able to speak to a clinician, they have told him that he will need to see a doctor. However, no one has communicated to him about when that might occur.

Today he reports waiting in the clinic for assistance for approximately 4 hours. He stated that there were many people left waiting for an inordinate amount of time and there was no indication when he (or others) might be seen. Mr. McNair left the clinic in order to be able to eat lunch. He reports that he remains in need of medical attention for pain and requires a doctor to examine his condition.

Please schedule Mr. McNair to be seen by a physician as soon as possible. Please communicate to Mr. McNair a date when he can expect to have an examination. Please see Mr. McNair today in order to communicate this information and to provide him with necessary pain relief.

Thank you for your attention to this matter. Please inform us of efforts made to respond to this patient.

Sincerely,

Sarah Kerr
Staff Attorney
The Legal Aid Society
Prisoners' Rights Project
199 Water Street
New York, NY  10038

**From:** Kerr, Sarah
**Sent:** Tuesday, March 03, 2015 5:28 PM
**To:** Zelermyer, Milton; 'Jay Cowan (Jay.Cowan@Corizonnyc.com)'; 'Dr. Homer Venters'
**Cc:** 'Athanasia Toumanidis'; 'Dr. Anthony Waters'; 'Dr. Luis Cintron'; 'Dr. R. Macdonald'; 'Dr. Zachary Rosner'; 'Eric Zimiles'; 'George Axelrod'; 'Nancy Arias RN'; 'Patricia Morgese'; 'Pinney, Becky'; 'Amy-Monique Waddell (AWaddell@boc.nyc.gov)'; 'Ashley D'Inverno'; 'Chai Park'; 'Felix Martinez (fmartinez@boc.nyc.gov)'; 'Richard T. Wolf (rtwolf@boc.nyc.gov)'; 'Tonya (BOC) Glover'
**Subject:** RE: Larry Mcnair,, 3491502006, AMKC 9 MOD

City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| LARRY McNAIR | 349-150-2006 | | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| A.M.K.C. | DORM 4 UPPER | 4/23/15 | 4/24/15 |

All grievances and requests must be submitted within ten business days after the incident to conrad, unless the condition or issue is on-going. The inmate must file a grievance or request using personal knowledge of facts in a statement. Upon collection of Inmate's Grievance and Request Program (IGRP) staff. IGRP staff will time-stamp and issue the grievance/request a reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days after receiving it.

**Request or Grievance:**

ON THE ABOVE DATE AND TWO CONSECUTIVE WEEKS PRIOR UNITED STATES MAIL DELIVERY HAS NOT BEEN MADE DAILY BY THE MIL OFFICER C.O. BURKE. INTHE LAST THREE WEEKS WE RECEIVED MAIL MAYBE TWICE. THIS WAS BOUGHT TO THE ATTENTION OF HOUSING AREA CAPTAIN SAINT FLEUR! WHOM ALWAYS STATES SHE DOES NOT CARE IN A SARCASTIC MANNER FAILING TO CONFORM TO HER DUTIES IN ACCORDANCE WITH MINIMUM STANDARDS OF TH BOARD OF CORRECTIONS, STATE, AND FEDERAL LAWS GOVERNING THE DELIVERANCE OF MAIL INCOMING AND OUTGOING. THIS WAS ALSO BOUGHT TO THE ATTENTION OF CAPTAINS DAVILA, AND WHITAKER TO NO AVAIL.

**Action Requested by Inmate:** THAT MAIL BE DELIVERED DURING THE 7:00 a.m. TO 3:00p.m. TOUR, AND THAT THIS GRIEVANCE BE PROCESSED BY THE GRIEVANCE COMMITTEE SO GRIEVANT CAN EXHAUST HIS ADMNISTRATIVE REMEDIES PURSUANT TO THE PLRA OF THE UNITED STATES DISTRICT COURT AS A REQUIREMENT.

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by IGRP staff? ☐ Yes ☒ No
Do you need the IGRP staff to write the grievance or request for you? ☐ Yes ☒ No
Have you filed this grievance or request with a court or other agency? ☒ Yes ☐ No
Did you require the assistance of an interpreter? ☐ Yes ☐ No

Inmate's Signature: _____ McJr    Date of Signature: 4/24/15

For IDOC / IGRP Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |